## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GENJI WASHINGTON : 
2835 W. Queen Lane, Apt. A : 
Philadelphia, PA 19129 :    CIVIL ACTION
        Plaintiff, : 
     :    No.:
    v. : 
     : 
JETRO HOLDINGS, LLC d/b/a :    **JURY TRIAL DEMANDED**
RESTAURANT DEPOT : 
2950 Roberts Avenue : 
Philadelphia, PA 19129 : 
     : 
        Defendant. : 
     : 

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.    INTRODUCTION

1.    This action has been initiated by Genji Washington (*hereinafter* referred to as "Plaintiff") against Jetro Holdings, LLC, d/b/a Restaurant Depot (*hereinafter* referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000, *et. seq*.). Plaintiff asserts she was subjected to an unlawful hostile work environment and then retaliatorily terminated from her employment.

### II.    JURISDICTION AND VENUE

2.    This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v.</u>

<u>Washington</u>, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s), if any (as she may amend to include a PHRA claim), because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a residents of the Eastern District of Pennsylvania.

5.    Plaintiff is proceeding herein under the Title VII, and she has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

### III.    PARTIES

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult individual, with an address as set forth in the caption.

8.    Jetro Holdings, LLC d/b/a Restaurant Depot (hereinafter referred to as "Defendant") is incorporated in Delaware and has warehouse locations throughout the country, including the location at which Plaintiff work in Philadelphia, PA (as identified in the above-captioned address). Defendant operates as a multi-state wholesale provider of food, equipment, and supplies for the food service industry.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV. FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a gay (lesbian) woman.

12. Plaintiff was hired by Defendant to work as a Smallware's Department Manager in or about early September of 2025.

13. Plaintiff was a full-time employee, and she worked for Defendant for almost three (3) months, until being suspended and then later being informed of her termination over a month later (explained more *infra*).

14. During Plaintiff's period of employment, she was supervised by various management including but not limited to: (1) Clifton ("Clifton," last name unknown), an Assistant Manager; and (2) Robert Getz ("Getz"), the General Manager. Getz was the highest managerial agent working at Plaintiff's location.

15. Early into her employment (within the same timeframe as her commencing employment), Plaintiff began being harassed by a subordinate employee. This subordinate employee was Cleveland Jacobs ("Jacobs"), who worked as a porter performing various janitorial and cleaning duties.

16. Promptly after Plaintiff started working (**as of early September 2025**), Jacobs placed a broom between his legs and told Plaintiff to suck this and yelled out loud Plaintiff was nothing but a dike. Plaintiff was appalled, very distressed, and immediately complained to Getz.

3

17. In her dialogue with Getz, Plaintiff expressly stated she viewed the actions as both sexually harassing and discriminatory towards her sexual orientation. ***Getz undertook no meaningful action(s).***

18. Within 1-2 weeks after having been sexually harassed and discriminated against on account of her sexual orientation with a gay slur, Jacobs was mumbling "Mmm Mmm" when Plaintiff was present in a sexual manner. He did so loud enough to intentionally harass Plaintiff. Plaintiff raised the concerns again with Getz complaining Jac, who exclaimed: "I am tired of you guys." ***Getz undertook no meaningful action(s).***

19. Jacobs was refusing to clean Plaintiff's work area and section (including sweeping and trash removal), leaving Plaintiff to perform or delegate additional cleaning obligations. Getz supervised about 8 – 10 departmental managers at any given time, and Jacobs cleaned the areas of other supervisory staff at the same level as Plaintiff (but not for Plaintiff).

20. By on or about October 7, 2025, Jacobs intentionally bumped Plaintiff's right shoulder causing her temporary pain. He also made a threat, "Keep this shit up and I'm going give you what you fucking want."

21. Plaintiff had relayed to Getz that she was continually being harassed by Jacobs who wasn't cleaning for her and who had just physically assaulted her. Getz exclaimed: "You guys are acting like kids." ***Getz undertook no meaningful action(s).***

22. Plaintiff could not believe how poorly Getz was failing to address her serious concerns and gross misconduct by Jacobs who had: (a) used a gay slur; (b) engaged in sexual harassment; (c) was being insubordinate and not cleaning Plaintiff's work area / department; and (d) who had physically assaulted and threatened her. Thus, Plaintiff felt compelled to submit a written complaint stating:

4

10/10/2025

The purpose of this statement is to explain a violation of the company sexual harassment policy. The Porter, Mr. Cleveland approached me, Genji Washington (small wares manager) on the week of September 8, 2025.  It was in the afternooon between 1-3 p.m. As I was speaking to my assistant manager about additional task that needed to be complete.  Mr. Cleveland interjected into the conversation, by placing a broom between his legs and stated, "Suck this", as he looked at me.  Mr. Cleveland was advised that his actions are grossly inappropriate.  As I walked towards the managers office, Mr. Cleveland stated, "You are nothing but a dike".  The incident was then reported to Rob Getz, the General Manager.

On October 7, 2025,  there was another encounter with Mr. Cleveland, while I was completed the low stock count and  proceeded to sweep  isle 6.  Mr. Cleveland walked pass me as I was sweeping and brushed my right shoulder as he stated, "Keep that shit up and I'm going to give you what you fucking want".   It is uncertain what Mr. Cleveland was referencing, however I felt threatened.

These interactions are offensive and completely insubordinate.   At this time I would like to take disciplinary actions against Mr. Cleveland.

Sincerely,

G. Washington

23.    Plaintiff was told by Getz if you guys can't work together (and other similar verbiage), "I will fire both of you." Plaintiff was repeatedly discouraged from raising very legitimate concerns by Getz who took nothing Plaintiff was complaining about seriously.

24.    Jacobs did not stop harassing Plaintiff, which Plaintiff perceived was premised upon his dislike for her sexual orientation (hence him referring to her as "dike"). Jacobs was giving Plaintiff nasty facial expressions or looks, not helping with cleaning, and he would at times smirk, laugh or grunt when walking by Plaintiff. In sum, he made Plaintiff continually uncomfortable.

25.    From her hire (when the harassment commenced) through her suspension in November of 2025, Getz refused to engage in any investigation or remedial action. Instead, he

left Plaintiff to be subjected to a hostile work environment while threatening to terminate her if she raised further concerns.

26.     On or about November 25, 2025, a personal (portable) speaker Plaintiff used to listen to music at low volume had been stolen from her work area. When Plaintiff asked Getz to view the camera footage, he declined. He indicated he would take no action on Plaintiff reporting theft. Later the same day, Plaintiff mumbled profanity at no person in particular but expressing frustration at the situation, the theft of her property, and her work environment.

27.     Plaintiff was informed by Getz (on or about November 25, 2026) he believed Plaintiff used the word "nigger" and had to suspend her immediately. First, Plaintiff performed her job in an exemplary manner. Second, Plaintiff had no prior discipline. And third, while Plaintiff did use profanity, she never (as an African American herself) mentioned anything racial or used any racial language. To maintain any such assertion would be patently false by Defendant. She didn't even direct profanity towards anyone and merely talked to herself while walking.

28.     In addition to the foregoing, Plaintiff's suspension (without pay) was shocking. Plaintiff worked in a blue-collar warehouse and work environment with workers all day and employees and managers frequently used profanity calling people "motherfuckers," "assholes," saying "shit," "fuck," **and a host of other profanities (some more obscene)**. It was common verbiage amongst coworkers. Suspending Plaintiff for any type of verbiage constituting profanity was blatantly singling her out and pretextual.

29.     Plaintiff had previously complained about being called a dike, being assaulted, being threatened, and being sexually harassed (at different times and via different actions against her). Nothing was done, and Jacobs (a male) was not suspended – or to Plaintiff's knowledge –

6

even disciplined. Other employees engaged in all sorts of impropriety, and they were not suspended or terminated. Plaintiff, a gay female, was removed from the premises though indefinitely for matters not enforced against males or non-complainants.

30.    Plaintiff was immediately suspended for reasons not enforced against others (or for a false assertion that she used racial language). In fact, Getz had been engaged in a witch-hunt (from Plaintiff's interactions with him) in finding any problem with Plaintiff. Getz was approaching Plaintiff through November 2026 and checking on things she did, asking why or where she had been, and was overly scrutinizing and observational about Plaintiff's whereabouts or performance.

31.    After being suspended, Plaintiff was escalating concerns of retaliation to corporate management. After being on suspension *for nearly a month* with no responses or updates, Plaintiff emailed corporate leadership on December 22, 2025, at 11:21 AM as follows:

> My name is Genji Washington, I'm the smallware manager at store 804. Sending this email concerning my employment status with Restaurant Depot. I was put on suspension [in November], without pay. I have not received any determination letter or email regarding the outcome of the internal investigation. It would be appreciated if you can look into this matter for me. Thank you for your time and consideration.

32.    Plaintiff's aforesaid email likely prompted an email later in the evening on the same day. On December 22, 2025, at 6:33 PM, Plaintiff was emailed by the "Corporate Human Resources Department" for "Jetro Holdings, LLC" the following:

7

**MEMORANDUM**

TO:       *Genji Washington*

FROM:     Human Resource Department, Jetro Holdings Restaurant Depot

DATE:     December 22nd, 2025

---

We write to report the results of the Company's investigation regarding your complaint against Cleveland Jacobs. Our team has completed a thorough investigation into your allegations and responses as thoroughly as possible. We were unable to find evidence corroborating the reported incident. Nevertheless, Mr. Jacobs has been formally reminded of his obligation to adhere to all Company policies. He has been explicitly advised to remain mindful of his comments and behavior to ensure they meet our standards for professional conduct.

This memorandum will be placed in your personnel file.

33.     Plaintiff had complained of sexual and gender / orientation harassment from September – November of 2025 (when suspended). Nothing was done. A month after she was suspended for a pretextual reason, Defendant rushed to send a 5-sentence email summarizing that Jacobs was reminded of policies premised upon some supposed investigation (that didn't involve standard witness interview or other typical investigatory procedures). In fact, Plaintiff doubts the veracity of any real investigation and presumes the quick summary was sent because she was trying to get a status of her suspension nearly a month after being suspended.

34.     By January of 2026, Plaintiff was informed she was terminated from her employment (and had never been permitted to return from her suspension). Plaintiff endured a horrific work environment and was proverbially kicked out the door with no meaningful opportunity to discuss her concerns or to participate in any legitimate investigation.

**Count I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Sexual Harassment; [2] Discrimination; [3] Retaliation)**

35.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.    Plaintiff suffered the following adverse actions:

(a) She was subjected to a hostile work environment due to sexual harassment, discrimination, and retaliation; and

(b) She was suspended; and

(c) She was terminated.

37.    Plaintiff suffered the foregoing adverse actions because of her sex, sexual orientation, and/or complaints of discrimination, sexual harassment and retaliation (as even complaints of retaliation for prior concerns are protected activities).

38.    The adverse actions taken against Plaintiff constitute unlawful discrimination, a hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting sexual harassment, discrimination, and retaliation in the future against any employee(s);

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits;

C.    Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

9

D.      Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

E.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

G.      Plaintiff is to receive a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:    _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: August 12, 2026

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Genji Washington | : | CIVIL ACTION |
| v. | : | |
| Jetro Holdings, LLC d/b/a Restaurant Depot | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 8/13/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?      Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

WASHINGTON, GENJI

**DEFENDANTS**

JETRO HOLDINGS, LLC D/B/A RESTAURANT DEPOT

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine / Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | **PERSONAL PROPERTY** | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   8/13/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____